David H. Shoup, Esq.
TINDALL BENNETT & SHOUP, P.C.
508 West Second Ave., Third Floor
Anchorage, AK 99501
Ph: (907) 278-8533 Fax: (907) 278-8536

Attorneys for Defendants

RECEIVED
2013 AUG 26 P 1:51
US ATTORNEY'S OFFICE
DISTRICT OF ALASKA

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| LOREEN PALLAS,<br><br>    Plaintiff,<br><br>-vs-<br><br>CORDOVA COMMUNITY MEDICAL CENTER owned and operated by THE CITY OF CORDOVA,<br><br>    Defendants.<br>_____<br><br>CORDOVA COMMUNITY MEDICAL CENTER,<br><br>    Third-Party Plaintiff,<br><br>-vs-<br><br>NATIVE VILLAGE OF EYAK, d/b/a ILANKA HEALTH CENTER, PHILLIP HESS, MD., and JOAN PHILLIPS,<br><br>    Third-Party Defendants.<br>_____ | Case No. 3AN-13-04935CI |

**AMENDED ANSWER AND**
**THIRD-PARTY COMPLAINT**

COMES NOW defendant Cordova Community Medical Center, by and through

counsel, and answers the complaint filed against it by plaintiff Loreen Pallas as follows:

1. Admitted.

2. Admitted the Cordova Community Medical Center (CCMC) is a business operating in the Third Judicial District, State of Alaska. Admitted CCMC is owned by the City of Cordova. The remainder of paragraph 2 is denied.

3. Admitted that on October 14, 2009, plaintiff was seen at CCMC, was referred to the Emergency Department and was air evacuated to Alaska Regional Hospital. The remainder of paragraph 3 is denied.

4. Denied.

5. Denied.

6. Paragraph 6 requires no response. CCMC incorporates its responses to paragraphs 1-5 above.

7. Admitted CCMC had a duty of care that is consistent with statutory requirements. Denied that CCMC breached that duty. The remainder of paragraph 7 is denied.

8. Denied.

9. Paragraph 9 requires no response. CCMC incorporates its responses to paragraphs 1-8 above.

10. Denied.

11. Denied.

12. Paragraph 12 requires no response. CCMC incorporates its responses to paragraphs 1-11 above.

Amended Answer and Third-Party Complaint – Page 2 of 5
Pallas v. Cordova Community Medical Center, 3AN-13-04935CI
Case 3:13-cv-00185-HRH   Document 1-2   Filed 09/23/13   Page 2 of 5

13. Denied.

14. Denied.

15. Denied.

## GENERAL DENIAL

All allegations of the complaint not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

1. Failure to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by AS 09.17.010.

3. Plaintiff's claims are barred in whole or in part by AS 09.17.020.

4. Plaintiff's punitive damages claim is barred as a matter of law.

5. Plaintiff's claims are subject to AS 09.17.040.

6. Plaintiff's claims are barred in whole or in part by AS 09.17.060.

7. Plaintiff's claims are barred in whole or in part by AS 09.17.070.

8. Plaintiff's claims are barred in whole or in part by AS 09.17.080-.090, and fault must be apportioned to plaintiff and to others.

9. Plaintiff's claims are barred in whole or in part by the applicable statute(s) of limitation.

10. Plaintiff's fraud and misrepresentation claim is barred by plaintiff's failure to plead the claim with particularity as required by Civil Rule 9(b).

11. Assumption of risk.

12. Failure to mitigate damages.

13. Waiver.

14. Estoppel.

15. Defendant is entitled to the protections of AS 09.55.540.

16. Defendant is entitled to the protections of AS 09.55.554.

17. Defendant is entitled to the protections of AS 09.55.548.

18. Defendant is entitled to the protections of AS 09.55.549.

19. Plaintiff's claims are barred in whole or in part due to the conduct of others for whom defendant is not responsible.

## THIRD-PARTY COMPLAINT

1. Third-party plaintiff Cordova Community Medical Center ("CCMC") is a hospital in Cordova, Alaska. It is owned by the City of Cordova.

2. Third-party defendant Native Village of Eyak owns and operates the Ilanka Health Center, a medical clinic in Cordova, Alaska.

3. Third-party defendant Phillip Hess, M.D., is a medical doctor, and at all relevant times, he was employed by the Native Village of Eyak to work at the Ilanka Health Center.

4. Third-party defendant Joan Phillips is a nurse, and at all relevant times, she was employed by the Native Village of Eyak to work at the Ilanka Health Center.

5. Loreen Pallas has sued CCMC and the City of Cordova in this case, alleging that CCMC and its agents barred her from coming into that facility and directed her to remain home, thereby exacerbating her medical condition and causing her damages.

6. CCMC denies Pallas's allegations.

7. Pallas's claims are based on the actions of third-party defendants or their

agents, so to the extent there is any validity to her claims, third-party defendants should bear the liability to Pallas and all fault should be apportioned to them.

WHEREFORE defendant prays:

1. For a dismissal of plaintiff's complaint with prejudice, plaintiff taking nothing thereby.

2. For an apportionment of all fault, if any, to third-party defendants.

3. For costs and attorney fees.

4. For such further relief as the Court deems just and proper.

DATED at Anchorage, Alaska, this 23rd day of August, 2013.

TINDALL BENNETT & SHOUP, P.C.
Attorneys for Defendants

By: _____
David H. Shoup
Alaska Bar No. 8711106

I HEREBY CERTIFY that on the 23rd day of August, 2013, a true and correct copy of the foregoing was sent to the following via:

☒ MAIL  ☐ HAND DELIVERED  ☐ FAX  ☐ E-MAIL

Charles W. Coe
810 W. 2nd Avenue
Anchorage, AK 99501

By: _____
Tindall Bennett & Shoup, P.C.

Amended Answer and Third-Party Complaint – Page 5 of 5
Pallas v. Cordova Community Medical Center, 3AN-13-04935CI